IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-9-BO

| | |
|---|---|
| SUSAN MICHELLE LAMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24, 25]. A hearing on this matter was held in Elizabeth City, North Carolina on November 12, 2014 at 10:30 a.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff filed an application for supplemental security income on January 7, 2011, alleging disability beginning February 1, 2008. [Tr. 67, 81, 198]. This application was denied initially and upon reconsideration. On August 15, 2012, an Administrative Law Judge (ALJ) held a hearing and rendered an unfavorable decision on August 29, 2012. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), 1383(c)(3).

Plaintiff was 38 years old at the time of her alleged onset date. [Tr. 27]. She has an eleventh grade education and no past relevant work. [Tr. 25, 203]. She alleges disability due to impairments which include bipolar and anxiety disorders, diverticulitis, radiation cystitis, and

irritable bowel syndrome. [Tr. 198, 202]. The ALJ found plaintiff's bipolar disorder with psychosis, posttraumatic stress disorder, avascular necrosis of the right wrist, irritable bowel syndrome, and polysubstance abuse/dependence constituted severe impairments. [Tr. 20].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Remand for further proceedings is the proper action in any case that requires further fact finding. *See Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986) (remanding where there record evidence was insufficient to order a finding of disability).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

2

The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, plaintiff alleges that the ALJ erred by finding that she was able to perform light work, and in doing so, the ALJ failed to assign any weight to the opinion of plaintiff's treating physician. "A treating physician's opinion controls unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record." *Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). While the treating medical records in this case are somewhat limited, the ALJ did discuss the opinion of plaintiff's treating physician, Dr. Durham. [Tr. 24]. The ALJ did not, however, specify the weight allocated to Dr. Durham's evaluation nor did he evaluate Dr. Durham's opinion under the factors laid out in 20 C.F.R. § 404.1527(c)(2). [*Id.*]. The ALJ instead relied upon the opinions of consultative examiners. Given that Dr. Durham's opinion was the only opinion of a treating physician in the record, the ALJ's failure to assign it any weight at all was clearly error. Moreover, the GAF score assessed by Dr. Durham is consistent with the other GAF scores in the record, including that of consultative examiner Dr. Mitchell, whose opinion the ALJ afforded great weight. [Tr. 24]. This consistency implies that Dr. Durham's opinion was not an outlier and should be afforded the weight typically due a treating physician's opinion. 20 C.F.R. 404.1527(c)(2); *Stephens*, 533 F.Supp. 2d at 600.

The Court cannot make findings and determinations in the first instance, but the ALJ's failure to assign weight to the treating physician's opinion means that the hypothetical posed to the vocational expert (VE) that did not include the limitations contained in Dr. Durham's opinion may also have been erroneous. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).As such, the

3

appropriate action here is to remand the case to the Commissioner. *Id.* Upon remand, the Commissioner is to determine the appropriate weight to be assigned to Dr. Durham's opinion. Further, if applicable, the ALJ is to posit appropriate hypothetical to the VE which includes all limitations affecting plaintiff.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this __14__ day of November, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE